KYLE SCHUMACHER (BAR #121887)
kschumacher@sagarialaw.com
**SAGARIA LAW, P.C.**
3017 Douglas Blvd., Ste. 200
Roseville, CA 95661
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff
Jeffrey Peterson

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| JEFFREY PETERSON, <br><br> Plaintiff, <br><br> v. <br><br> MACY'S, INC., <br><br> Defendant. | CASE NO. 3:18-cv-01876 <br><br> PLAINTIFF'S COMPLAINT FOR DAMAGES: <br><br> 1. Violation of the Telephone Consumer Protection Act |

COMES NOW Plaintiff Jeffrey Peterson, an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers.

2. Plaintiff brings this action against Defendant Macy's, Inc. (hereinafter "Macy's") for its abusive and outrageous conduct in connection with debt collection activity.

3. While may violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give

consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

## JURISDICTION & VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C. § 227.

6. This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

7. Plaintiff Jeffrey Peterson (hereinafter "Plaintiff") is an individual residing in the state of Oregon, and is a "debtor."

8. At all relevant times herein, Defendant MACY'S engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt."

9. At all relevant times, Defendant acted as a "debt collector."

10. Plaintiff had taken out an unsecured loan with MACY'S in approximately 2005.

11. The loan Plaintiff took from Defendant MACY'S was extended primarily for personal, family or household purposes and is therefore a "debt."

12. Defendant MACY'S has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction."

13. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant MACY'S arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt."

14. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves, and is therefore a "debt collector.".

15. Plaintiff's account was an unsecured loan and Plaintiff began making payments on the accounts.

16. Plaintiff began making payments on the loan before he became financially unable to keep up with the monthly payments.

17. Defendant MACY'S began contacting Plaintiff in July of 2018 to inquire about the status of the loan and to collect on the payments that were no longer being made.

18. Plaintiff retained counsel to assist in dealing with Macy's debt and to seek some type of financial relief.

19. Counsel for Plaintiff sent Defendant Macy's a letter confirming that Plaintiff and was revoking any consent to be contacted on his cellular telephone and to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

20. Counsel for Plaintiff sent the letter of representation to Macy's on or about September 20, 2018

21. Plaintiff believes his revocation and representation letter was received by Macy's on September 22, 2018.

22. Plaintiff informed Macy's that he was revoking his consent, if it was ever previously given, to be called on his telephone in August of 2018.

23. Plaintiff was frustrated that Macy's continued to make unsolicited calls on his cellular telephone after contacting Macy's to revoke his consent.

24. Plaintiff denies he ever gave his express consent to be contacted on his cellular telephone by automatic dialing machines and pre-recorded messages.

25. Defendant Macy's continued to contact Plaintiff between approximately September 24, 2018 – October 23, 2018; the type of contact was through phone calls to Plaintiff on his cellular telephone.

26. Despite notice being sent Defendant continued to contact Plaintiff on his cellular telephone regarding collection of his outstanding debt.

27. Macy's ignored Plaintiff's letter of revocation and continued to contact him for at least four months following receipt of Plaintiff's letter.

28. Despite being aware of Plaintiff's September 20, 2018 revocation Macy's continued to contact Plaintiff on his cellular telephone.

29. Plaintiff was contacted frequently regarding non-payment of the debt owed to Macy's despite Macy's being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Macy's.

30. Macy's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney and that he was revoking any consent that may have been previously given to be called on his cellular telephone.

**FIRST CAUSE OF ACTION**
(Violation of the TCPA)
(47 USC § 227)
(Against Defendant Macy's)

31. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

32. Since at least August of 2018 Defendant started calling Plaintiff's cellular telephone requesting that payment be made on the accounts Plaintiff held with Defendant.

33. Plaintiff informed Defendant that he was revoking consent to be contacted by MACY'S in April of 2018.

34. MACY'S continued to call Plaintiff frequently since Plaintiff withdrew his consent to be contacted by an automatic dialing machine.

35. Defendant would contact Plaintiff frequently regarding payment on the accounts.

36. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

37. Defendant contacted Plaintiff on at least 60 (sixty) separate occasions after Plaintiff informed Defendant he did not wish to be contacted on his cellular telephone and withdrew any prior consent that may have been given.

38. The calls were made for at least four months after Macy's became aware that Plaintiff revoked his consent to be called on his cellular telephone.

39. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

40. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

41. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(B).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

    a. An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation.

    b. Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

    **c.** Pursuant to 15 U.S.C. 1692(k) both actual damages and statutory damages in an amount to be proven at trial.

|  |  |
|---|---|
| Dated: October 25, 2018 | **SAGARIA LAW, P.C.**<br>By:  */s/ Kyle Schumacher*<br>Kyle Schumacher<br>Attorneys for Plaintiff |

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

|  |  |
|---|---|
| Dated: October 25, 2018 | **SAGARIA LAW, P.C.**<br>*/s/ Kyle Schumacher*<br>Kyle Schumacher<br>Attorneys for Plaintiff |